IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOSEPH LUCCHESI | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| DAY & ZIMMERMAN GROUP, | : | |
| Defendant. | : | No. 10-4164 |

FILED

APR 21 2011

MICHAEL E. KUNZ, Clerk
By_____Dep. Clerk

## MEMORANDUM

PRATTER, J.                                                                                                                                                                        APRIL 20, 2011

### INTRODUCTION

Joseph Lucchesi has sued his former employer, the Day & Zimmerman Group ("Day & Zimmerman"), alleging in a four-count Complaint that he was unlawfully terminated based upon his gender, as well as in retaliation for challenging the fairness of Day & Zimmerman's handling of a dispute between himself and a female colleague. Day & Zimmerman has moved to dismiss Mr. Lucchesi's Complaint pursuant to FED. R. CIV. P. 12(b)(6). For the reasons set forth below, the Motion to Dismiss will be granted in part and denied in part.

In response to the Motion to Dismiss, Mr. Lucchesi has moved to amend a portion of his Complaint. For the reasons set forth below, the Motion to Amend will be granted.

### JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367.

### FACTUAL AND PROCEDURAL BACKGROUND

For the purposes of a motion to dismiss, facts alleged in the complaint are considered to be true. On that basis, the facts are as follows.

Mr. Lucchesi joined Day & Zimmerman in 1999, and was ultimately promoted to the position of Senior Network Engineer. Mr. Lucchesi claims that while he was employed at Day & Zimmerman, he had some kind of consensual sexual relationship with a female colleague, Alicia Petruszka. He alleges, however, that on June 3, 2009, two Day & Zimmerman human resources ("HR") officers informed him that Ms. Petruszka felt "uncomfortable" in his presence, and that Ms. Petruszka had complained about text messages and emails that Mr. Lucchesi had sent to her personal phone and email account from his own personal phone and email account.[1] The two HR officers instructed Mr. Lucchesi not to interact with Ms. Petruszka at work.

Soon after his conversation with the two HR officers, Mr. Lucchesi spoke to Day & Zimmerman's senior vice president of HR, Silvana Battaglia. According to Mr. Lucchesi, he "complained ... that he felt that he was being treated differently than his female co-worker [i.e., Ms. Petruszka] in the company's 'investigation' into her complaint [about his text messages and emails]," and particularly objected to the fact – which he had learned from the two HR officers – that only *one* HR officer had spoken to Ms. Petruszka in connection with her complaint, whereas Mr. Lucchesi had been "interrogated" by two.

Mr. Lucchesi further alleges that the day after his initial conversation with Ms. Battaglia, he spoke to her again, and she (1) informed him that two HR officers had spoken to him together because he was "too intimidating" to be interviewed alone (which Mr. Lucchesi characterizes as evidence of gender stereotyping); and (2) accused him of "stalking" Ms. Petruszka. In response, Mr. Lucchesi allegedly told Ms. Battaglia that Day & Zimmerman "appeared to be crediting the

---

[1] These two officers were Day & Zimmerman's HR manager, Lisa Petrivelli, and its HR director, Heather Peters.

2

allegations of a female employee over a male employee without any reason for doing so other than sex discrimination."

On June 8, 2010, Day & Zimmerman terminated Mr. Lucchesi. One of the HR officers who had spoken with Mr. Lucchesi on June 3 allegedly told him that the reason he was being terminated was because he might "walk past Alicia [Petruszka]'s cube [i.e., cubicle]," and this possibility of future interaction between Mr. Lucchesi and Ms. Petruszka created a "gray area" for the company. The Complaint also excerpts an email from Day & Zimmerman's counsel to Mr. Lucchesi's previous counsel, in which Day & Zimmerman's counsel allegedly asserted that Mr. Lucchesi was terminated because he had "admitted to ... conduct ... [that] could be construed as harassment or stalking" (ellipses and brackets in the Complaint itself),[2] and also because the two HR officers had objected to Mr. Lucchesi's "tone" during their conversation.

According to Mr. Lucchesi, he was actually terminated because (1) Day & Zimmerman assumed, based upon his gender, that he must be at fault in his dispute with Ms. Petruszka; and (2) because he objected, to Ms. Battaglia, that he was being subjected to disparate treatment in Day & Zimmerman's "investigation" into Ms. Petruszka's allegations.[3] Mr. Lucchesi further claims that approximately two months after his termination, Day & Zimmerman tried to obscure its discriminatory and retaliatory conduct by recommending to Ms. Petruszka that she obtain a

---

[2] Mr. Lucchesi describes this justification for his termination as "completely and utterly false," because he "did not admit to ... 'harassing' or 'stalking' ... ."
    This argument, despite its vehemence, appears to be premised upon an obvious misreading of the excerpted email, which does not say that Mr. Lucchesi admitted to "harassing" or "stalking" Ms. Petruszka, but rather that Mr. Lucchesi "*admitted to ... conduct ... [that] could be construed* as harassment or stalking" Ms. Petruszka – an elemental distinction.

[3] Mr. Lucchesi says that Day & Zimmerman had no real interest in understanding his dispute with Ms. Petruszka, and thus places the word "investigation" in scare quotes.

Protection From Abuse Order ("Protection Order") against him.[4]

Mr. Lucchesi asserts that before filing this lawsuit, he filed a number of charges against Day & Zimmerman with the Equal Employment Opportunity Commission ("the EEOC") and the Pennsylvania Human Relations Commission ("PHRC"). These included the following:

1. On October 28, 2009, Mr. Lucchesi filed a charge with both the EEOC and the PHRC alleging that his termination from Day & Zimmerman was the result of gender discrimination.

2. On April 8, 2010, Mr. Lucchesi filed a second charge with the EEOC and the PHRC, alleging that his termination from Day & Zimmerman was the result of gender discrimination and retaliation. Mr. Lucchesi asserts that he received a Notice of Right to Sue Letter from the EEOC, dated June 3, 2010.

3. On June 8, 2010, Mr. Lucchesi filed a third charge with the EEOC, alleging that Day & Zimmerman had retaliated against him for inquiring about filing an EEOC charge by "instigating the initiation of an inappropriate civil proceeding" (i.e., by recommending to Ms. Petruszka that she obtain a Protection Order).

Mr. Lucchesi filed his Complaint on August 18, 2010. Count I of the Complaint alleges that Mr. Lucchesi's termination violated the portion of the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.*, relating to gender discrimination; Count II alleges that Day & Zimmerman retaliated against Mr. Lucchese in violation of the PHRA; Count III alleges that Mr. Lucchese's termination violated the portion of the Title VII of the Civil Rights Act, 42 U.S.C. §

---

[4] According to Mr. Lucchesi, Day & Zimmerman also paid for an attorney to represent Ms. Petruszka in connection with her efforts to obtain such an Order. Mr. Lucchesi asserts that Ms. Petruszka's petition for a Protection Order was ultimately denied because she could not cite any instance in which he had threatened her.

2000e, *et seq.*, relating to gender discrimination; and Count IV alleges that Day & Zimmerman retaliated against Mr. Lucchese in violation of Title VII. Mr. Lucchese's state and federal law claims are identical for all practical purposes; as a general matter, Pennsylvania courts borrow from case law relating to Title VII in interpreting analogous provisions of the PHRA.[5]

Day & Zimmerman has moved to dismiss each of these four counts, arguing that the Complaint (1) fails to plead facts sufficient to demonstrate that Mr. Lucchesi's termination was motivated by discriminatory animus; and (2) Mr. Lucchesi's alleged complaint to Ms. Battaglia was too generic to constitute protected conduct. In regard to Mr. Lucchesi's retaliation claims, Day & Zimmerman also argues that Mr. Lucchesi failed to exhaust his administrative remedies, because his EEOC and PHRC charges alleging retaliation were filed on April 8, 2010 – 304 days after his termination, and outside of each Commission's filing deadline for such claims.[6]

Mr. Lucchesi has responded to the exhaustion argument by moving to amend his Complaint to include a new factual allegation, *viz.*, that he actually filled out an EEOC intake questionnaire in relation to his retaliation claim on March 24, 2010. Mr. Lucchesi concedes that

---

[5] *See, e.g., Funayama v. Nichia Am. Corp.*, 2011 U.S. Dist. LEXIS 40016 at *29, fn. 6 (E.D. Pa. April 13, 2011) (because "Pennsylvania courts generally interpret the PHRA in accordance with its federal counterparts, Title VII, the ADA, and the ADEA ... the [Court's] analysis of [plaintiff's] Title VII claim applies with equal force to her PHRA claim") (*citing Kelly v. Drexel Univ.*, 94 F.3d 102, 104 (3d Cir. 1996)).

[6] "[A] Title VII plaintiff in Pennsylvania must file a charge of discrimination with the EEOC within 300 days of the alleged unlawful employment practice," or the claim is barred. *Noel v. Boeing Co.*, 622 F.3d 266 (3d Cir. 2010); 42 U.S.C. § 2000e-5(e)(1).
  A plaintiff suing under the PHRA must file a charge of discrimination with the PHRC within 180 days of the allegedly unlawful employment practice, or the claim is barred. *See, e.g., Funayama*, 2011 U.S. Dist. LEXIS 40016 at *35; 43 P.S. § 959(h).

5

this added fact would not salvage his Pennsylvania retaliation claim, but proposes that because he filled out the intake questionnaire within the 300-day window for filing a charge with the EEOC – March 24, 2010 falling 289 days after Mr. Lucchese's June 8, 2009 termination – his proposed amendment should be permitted and should defeat Day & Zimmerman's exhaustion argument as to the Title VII retaliation claim. Day & Zimmerman opposes the Motion to Amend on the basis of futility.

**LEGAL STANDARDS**

**I.** *Motion to Dismiss*

A motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) tests the legal sufficiency of a complaint. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). While Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley*, 355 U.S. at 47), the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citations omitted). Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level ... ." *Id.* at 1965 (citations omitted). To survive a motion to dismiss, a civil complaint must allege "factual content [that] allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950-51 (2009) (confirming that *Twombly* applies to all civil cases).

To be sure, however, a complaint need not be "a model of the careful drafter's art," nor

must it "pin plaintiffs' claim for relief to a precise legal theory," as long as it features "a plausible 'short and plain' statement of the plaintiff's claim." *Skinner v. Switzer*, 179 L. Ed. 2d 233, 242 (2011); *see also Matrixx Initiatives, Inc. v. Siracusano*, 179 L. Ed. 2d 398, 414 at n. 12 (2011) (emphasizing that in order "to survive a motion to dismiss, respondents need only allege 'enough facts to state a claim to relief that is plausible on its face'") (*quoting Twombly*, 550 U.S. at 570)).

## II. *Motion to Amend*

FED. R. CIV. P. 15(a) provides that leave to amend should be freely given "when justice so requires." However, in the interests of efficiency and economy for litigants and the courts, "a district court justifiably may deny leave to amend on ... the ground that an amendment would be futile." *Smith v. NCAA*, 139 F.3d 180, 190 (3d Cir. 1998) (*citing Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)). An amendment is considered futile "if the pleading, as amended, would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." *Id.* (citations omitted). In making a futility determination, a court must apply the same sufficiency standard that it would in evaluating a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6). *Id.* (citations omitted).

## DISCUSSION

### I. *Gender Discrimination*

Counts I and III of the Complaint allege that Day & Zimmerman discriminated against Mr. Lucchesi based on his gender in violation of Pennsylvania and federal law. The PHRA, 43 Pa. Stat. Ann. § 955(a), prohibits employers from engaging in discrimination based upon, *inter*

7

*alia*, sex, as does Title VII, 42 U.S.C. § 2000e-2.

A plaintiff alleging employment discrimination is not required to plead facts necessary to establish a *prima facie* case under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Swierkiewicz v. Sorema*, 534 U.S. 506, 508 (2002).[7] Rather, his complaint must simply "satisfy ... the simple requirements of Rule 8(a)." *Id.* at 513. Following *Twombly*, Rule 8(a) requires that the facts alleged in a complaint plausibly suggest that the pleader is entitled to relief. *Wilkerson v. New Media Tech. Charter Sch.*, 522 F.3d 315, 321 (3d Cir. 2008) (holding that *Twombly* applies to employment discrimination claims). Accordingly, to state a claim, a plaintiff must state enough factual matter, taken as true, to suggest the required element – which "does not impose a probability requirement at the pleading stage," but "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." *Phillips v. County of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008).

The basis of Mr. Lucchesi's gender discrimination claim can be reduced to the alleged fact that Day & Zimmerman, presented with a female employee's harassment complaint against Mr. Lucchesi, conducted a superficial and unfair investigation, which resulted in Mr. Lucchesi's

---

[7] In *Swierkiewicz*, which preceded *Twombly* and *Iqbal*, the Supreme Court held that an employment discrimination complaint need not allege specific facts establishing a *prima facie* case of discrimination. 534 U.S. at 514. In *Twombly*, the Court noted that *Swierkiewicz* remains good law. *Twombly*, 550 U.S. at 569-70.

"Reconciling *Swierkiewicz*, *Twombly*, and *Iqbal*, a complaint need not establish a *prima facie* case of employment discrimination to survive a motion to dismiss; however, 'the claim must be facially plausible and must give fair notice to the defendants of the basis for the claim.'" *Barbosa v. Continuum Health Partners, Inc.*, 716 F. Supp. 2d 210, 215 (S.D.N.Y. 2010) (*quoting Fowler v. Scores Holding Co.*, 677 F. Supp. 2d 673 (S.D.N.Y. 2009)); *see also In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 319 n. 17 (3d Cir. 2010) (reconciling *Swierkiewicz* with *Twombly* and *Iqbal*); *Truong v. Dart Container Corp.*, 2010 U.S. Dist. LEXIS 114286 (E.D.Pa. October 26, 2010) (applying *Swierkiewicz* post-*Twombly*).

unwarranted termination. Mr. Lucchesi has presented no direct evidence of discrimination, but proposes that discrimination can be inferred from his description of the investigation, and from comments made by Day & Zimmerman HR officers regarding their impression of Mr. Lucchesi's demeanor (e.g., Ms. Battaglia's suggestion that Mr. Lucchesi was "intimidating").

This set of facts – which incorporates an allegation that Ms. Petruszka, a similarly-situated female Day & Zimmerman employee, was treated differently than Mr. Lucchesi after engaging in a sexual relationship with a coworker (i.e., Mr. Lucchesi himself) – suffices to "raise a reasonable expectation that discovery will reveal evidence" of discriminatory animus.[8] *Id.* As a result, the Motion to Dismiss will be denied with regard to Counts I and III.[9]

---

[8] To establish a *prima facie* case of gender discrimination, a plaintiff must show that (1) he belongs to a protected class; (2) he was qualified for the position; (3) he was subject to an adverse employment action; and (4) the adverse action was under circumstances giving rise to an inference of discrimination. *Sarullo v. U.S. Postal Serv.*, 352 F.3d 789, 797 (3d Cir. 2003).
Day & Zimmerman does not question whether Mr. Lucchesi can meet the first three of these requirements. The "central focus" of the *prima facie* case, which is codified in the fourth requirement, "is always whether the employer is treating some people less favorably than others because of their ... sex" – i.e., whether there is evidence of discriminatory animus. *Id.* at 798 (internal quotations omitted).

[9] This case is analogous to *Paige v. Crozer Chester Med. Ctr.*, 2009 U.S. Dist. LEXIS 16664 at *14-16 (E.D.Pa. March 3, 2009), in which this Court denied a motion to dismiss a Title VII racial discrimination claim where plaintiff pled "that he [was] an African-American male who was terminated because of sexual harassment accusations made against him, whereas white males who were accused of sexual harassment or had an 'illicit sexual relationship' were not disciplined or terminated." *Cf. Truong*, 2010 U.S. Dist. LEXIS 114286 at *5-10 (distinguishing *Wilkerson*, 522 F.3d 315, and dismissing a Title VII racial discrimination claim where the plaintiffs had not pled "any facts that suggest that their terminations had anything whatsoever to do with their race or national origin").

## II. *Retaliation*

Counts II and IV of the Complaint allege that Day & Zimmerman retaliated against Mr. Lucchesi by terminating his employment after he complained about an alleged incident of gender discrimination, in violation of the PHRA and Title VII, respectively.

Day & Zimmerman also argues that Mr. Lucchesi's Title VII retaliation claim should be dismissed because the Complaint fails to allege that Mr. Lucchesi engaged in protected activity, and also that the PHRA and Title VII retaliation claims should be barred because the Complaint illustrates that he failed to file a timely retaliation charge with either the PHRC or the EEOC. Mr. Lucchesi has requested leave amend his Complaint so as to allege that he filled out an EEOC intake questionnaire relating to his Title VII retaliation claim within 300 days of his termination – and he argues that this amendment, if allowed, should defeat Day & Zimmerman's exhaustion argument with regard to his Title VII claim.[10]

The Court will analyze each of Day & Zimmerman's arguments in turn.

### 1. Protected Activity

The anti-retaliation provisions of Title VII protect employees "who participate in Title VII's statutory processes or who otherwise oppose employment practices made illegal by Title VII." *Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc.*, 450 F.3d 130, 134-35 (3d Cir. 2006). As a result, "a general complaint of unfair treatment is insufficient to establish protected activity under Title VII." *Id.* at 135 (*citing Barber v. CSX Distribution Services*, 68 F.3d 694,

---

[10] Mr. Lucchesi has effectively conceded Day & Zimmerman's exhaustion argument with regard to his PHRA retaliation claim, given that neither his Complaint nor his Motion to Amend presents facts suggesting that he might have filed a retaliation charge with the PHRC within 180 days of his termination.

701-02 (3d Cir. 1995)). "To qualify as protected activity, a plaintiff's opposition to an illegal employment practice must [actually] raise the issue of discrimination and identify the allegedly discriminatory practice." *Seldon v. Amtrak*, 452 F. Supp. 2d 604, 610 (E.D. Pa. 2006).

Day & Zimmerman argues that the Complaint fails to make clear that Mr. Lucchesi's comments to Ms. Battaglia were anything more than an objection to the basic unfairness of the company's investigation. However, although the Complaint is not a model of precision, it does assert that Mr. Lucchesi told Ms. Battaglia that Day & Zimmerman "appeared to be crediting the allegations of a female employee over a male employee without any reason for doing so other than sex discrimination." It further alleges that Mr. Lucchesi was terminated four days after making this comment. These allegations are sufficient to ground a retaliation claim.[11]

## 2. Exhaustion and Amendment

A plaintiff bringing an employment discrimination or retaliation claim under Title VII must comply with procedural requirements set forth in 42 U.S.C. § 2000e-5. Before filing suit, the plaintiff must exhaust his administrative remedies by filing a timely discrimination charge with the EEOC. *Id.* §§ 2000e-5(b), (e)(1), (f)(1). The EEOC will then investigate the charge, and the plaintiff must wait until the EEOC issues a right-to-sue letter before he can initiate a private action. *Burgh v. Borough Council*, 251 F.3d 465, 470 (3d Cir. 2001). The ensuing suit is limited to claims within the scope of the initial administrative charge. *Antol v. Perry*, 82 F.3d 1291, 1296

---

[11] *See, e.g., Hinton v. Pa. State Police*, 2010 U.S. Dist. LEXIS 89382 (W.D. Pa. August 30, 2010) (plaintiff's oral complaints to superiors constituted protected activity because plaintiff explicitly alleged racial discrimination); *cf. Curay-Cramer*, 450 F.3d 130 (no protected activity where plaintiff acknowledged that she had never mentioned discrimination); *Barber v. CSX Distrib. Servs.*, 68 F.3d 694 (3d Cir. 1995) (no protected activity where plaintiff objected to promotion of "less qualified" individuals but not to age discrimination *per se*).

(3d Cir. 1996).[12] "The purpose of requiring exhaustion is to afford the EEOC the opportunity to settle disputes through conference, conciliation, and persuasion, avoiding unnecessary action in court." *Id.*

A communication with the EEOC in or reduced to writing, including an intake questionnaire, may constitute a charge if it is "of a kind that would convince a reasonable person that the grievant has manifested an intent to activate the Act's machinery." *Bihler v. Singer Co.*, 710 F.2d 96, 99 (3d Cir. 1983). A communication with the EEOC will not constitute a charge if the EEOC advises a grievant that he must provide further information and then get back in touch with the agency to complete a formal charge and commence an investigation. *See Michelson v. Exxon Research and Engineering Co.*, 808 F.2d 1005, 1010 (3d Cir. 1987).

Here, there is no dispute that Mr. Lucchesi filed timely EEOC and PHRC charges relating to his allegation of gender discrimination. However, Day & Zimmerman argues that Mr. Lucchesi failed to exhaust his administrative remedies with regard to his retaliation claims, given that his EEOC and PHRC charges alleging retaliation were filed on April 8, 2010 – 304 days after his termination, and outside of each Commission's filing deadline for such claims.

Mr. Lucchesi has sought to rescue his Title VII claim by amending his Complaint to allege that he filled out an EEOC intake questionnaire on March 24, 2010 – 289 days after his termination, and within the 300-day deadline for filing an EEOC charge. The only cognizable ground on which Day & Zimmerman opposes this proposed amendment is futility: it argues that even as amended, the Complaint would and could not allege facts sufficient to show that Mr.

---

[12] Otherwise, the charging party could greatly expand an investigation simply by alleging new and different facts when he was contacted by the Commission following his charge. *See Hicks v. ABT Associates, Inc.*, 572 F.2d 960, 967 (3d Cir. 1978).

Lucchesi had met the EEOC's deadline, because an intake questionnaire is not a charge.

In *Joseph v. Pennsylvania*, 2009 U.S. Dist. LEXIS 31937 (E.D.Pa. April 15, 2009), Judge O'Neill of this District interpreted, in the context of a Title VII claim, *Federal Express Corp. v. Holowecki*, 552 U.S. 389 (2008), in which the Supreme Court held that in some instances, an intake questionnaire may constitute a charge to the EEOC under the Age Discrimination and Employment Act. The facts of *Joseph* are analogous to those of this case: although the plaintiff had filed a charge questionnaire within the EEOC's 300-day window, he did not file an EEOC charge until after the statutory period had expired. Based upon the language of the EEOC's form for Title VII claims,[13] Judge O'Neill held that the plaintiff's questionnaire was sufficient to constitute a charge.

Mr. Lucchesi has indicated that if allowed to amend his Complaint, he will allege that the intake questionnaire he submitted on March 24, 2010 "was substantially similar in all respects to that submitted by the plaintiff in *Joseph*" – and specifically, that (1) the questionnaire indicated that the form itself could serve as a charge; (2) Mr. Lucchesi specified the basis for his retaliation claim; and (3) Mr. Lucchesi requested that the EEOC take action based upon his allegations.[14]

In light of these facts, and adopting Judge O'Neill's careful and persuasive reasoning in

---

[13] The EEOC form for Title VII states that "when this form constitutes the only written statement of allegations of employment discrimination, the Commission will ... consider it to be a sufficient charge of discrimination under the relevant statute(s)."

[14] "Joseph's questionnaire is titled (by the EEOC) a charge questionnaire; it names the [Department of Environmental Protection] as the charged party; it briefly but clearly alleges hiring discrimination on the part of the DEP; and the EEOC form itself states that the principal purpose of the questionnaire 'is to solicit information ... to enable the Commission to act on matters within its jurisdiction.' It is difficult to imagine why a person would file such a charge questionnaire unless he were seeking agency action to assist him. I will thus deny the motion to dismiss." *Joseph*, 2009 U.S. Dist. LEXIS 31937 at *4.

*Joseph*, the Court finds that (1) Mr. Lucchesi's requested amendment would not be futile; and (2) the Motion to Dismiss shall be denied with regard to Count IV of the Complaint. The Motion to Dismiss will, however, be granted with regard to Count II, because neither the Complaint nor the Motion to Amend allege facts suggesting that Mr. Lucchesi filed a timely retaliation charge with the PHRC.

## CONCLUSION

For the reasons set forth above, Day & Zimmerman's Motion to Dismiss shall be denied with regard to Counts I, III and IV of the Complaint, and shall be granted with regard to Count II. Mr. Lucchesi's Motion to Amend shall be granted. An Order to this effect follows.

BY THE COURT:

/s/ Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE